FILED

2016 MAR -9 AM 11:38

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERONICA VENTRICE, )
)
Plaintiff, )
)
v. ) No. 8:16-CV-568-T-33MAP
)
DISCOVER FINANCIAL SERVICES, )
)
Defendant. )

### PLAINTIFF'S COMPLAINT

Plaintiff, VERONICA VENTRICE ("Plaintiff"), through her attorneys, Hormozdi Law Firm, LLC, alleges the following against Defendant, DISCOVER FINANCIAL SERVICES ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. §227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that

1

might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." *Id.* at §§ 12-13; see also *Mims*, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367.

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court

2

without regard to the amount in controversy."

9. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Spring Hill, Hernando County, Florida.

12. Plaintiff is a consumer as that term is defined by the FCCPA.

13. Plaintiff allegedly owes a debt as that term is defined by the FCCPA.

14. Defendant is a debt collector as that term is defined by the FCCPA.

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a collection agency headquartered in Wilmington, New Castle County, Delaware.

17. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

18. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

19. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

20. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

21. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of

telecommunication, such as by telephone and facsimile.

22. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

23. Defendant is attempting to collect a consumer debt allegedly owed by Plaintiff's mother, Rita Marinelli.

24. The alleged debt owed arises from transactions for personal, family, and household purposes.

25. In or around January 2016, Defendant began calling Plaintiff on Plaintiff's cellular telephone, ending in 1343, in an attempt to collect the alleged debt.

26. Defendant calls Plaintiff from 801-902-7000, which is one of Defendant's telephone numbers.

27. Defendant calls Plaintiff at an annoying and harassing rate, calling Plaintiff multiple times per week.

28. On or around January 15, 2016, Plaintiff answered one of Defendant's collection calls and spoke with one of Defendant's collectors.

29. During the aforementioned conversation, Plaintiff informed Defendant that she did not owe the alleged debt and requested Defendant stop calling her.

30. Despite Plaintiff's request, Defendant continues to call Plaintiff in an attempt to collect on the alleged debt.

31. On August 26, 2015, Defendant left a voicemail message on Plaintiff's cellular telephone.

32. On more than one occasion, when Plaintiff has answered Defendant's collection calls, she was greeted by an automated system.

33. Defendant called Plaintiff using an autodialer system.

34. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated calls to Plaintiff.

35. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

36. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

37. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiff provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

39. Plaintiff is not a customer of Defendant's services, and has never provided his cellular telephone number to Defendant for any purpose whatsoever.

40. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

41. Even if Defendant received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiff's attorney's office sent multiple cease and desist letters to Defendant.

42. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

43. The natural consequences of Defendant's statements and actions was to cause Plaintiff mental distress.

## COUNT I
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

44. Defendant violated the FCCPA based on the following:

    a. Defendant violated the §559.72(7) of the FCCPA by willfully communicating with the debtor or any member of her family with such frequency as can reasonably be expected to harass the debtor or her family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her family.

WHEREFORE, Plaintiff, VERONICA VENTRICE, respectfully requests judgment be entered against Defendant, DISCOVER FINANCIAL SERVICES, for the following:

45. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

46. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

47. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

49. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations

in Count II of Plaintiff's Complaint.

50. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, VERONICA VENTRICE, respectfully requests judgment be entered against Defendant, DISCOVER FINANCIAL SERVICES, for the following:

51. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

52. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

53. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

54. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 26, 2016                            By: /s/ _____
Shireen Hormozdi
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
shireen@agrusslawfirm.com
shireen@norcrosslawfirm.com
Attorney for Plaintiff